UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY D. STEWART, | ) | Case No.: 1:01 CV 1785 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| HARRY RUSSELL, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Now pending before the court is Petitioner Larry D. Stewart's ("Petitioner" or "Stewart") Amended Petition for a Writ of Habeas Corpus (ECF No. 73), pursuant to 28 U.S.C. § 2254. For the following reasons, the court dismisses Stewart's Amended Petition.

## I. FACTS AND PROCEDURAL HISTORY

### A. Facts

On June 13, 1997, Stewart was convicted of aggravated murder, attempted murder, aggravated robbery, kidnapping, and having a weapon while under disability. (Mem. and Opinion at 2, ECF No. 28.) Following the convictions, the prosecution sought the death penalty on the aggravated murder count. (*Id.*) After the mitigation phase of the trial, the jury recommended that Stewart be sentenced to thirty years to life imprisonment for aggravated murder. (*Id.*) The court also imposed consecutive sentences on the other counts. (*Id.*)

**B. Procedural History**

1. State Court Proceedings

Stewart timely filed a direct appeal on November 19, 2008. (*Id.*) On November 19, 1998, the state appellate court affirmed. (*Id.*, citing *State v. Stewart,* 1998 WL 811313 (Ohio App. Nov. 19, 1998). Beginning on June 8, 1998, while the direct appeal was pending, Stewart initiated a series of *pro se* collateral state post-conviction proceedings.[1] (Mem. and Opinion at 2.) On May 26, 2000, Stewart filed a *pro se* Motion for Delayed Appeal to the Ohio Supreme Court under Ohio Supreme Court Rule 2 § 2(4)(a). (*Id.*) On July 12, 2000, Petitioner's Motion for Delayed Appeal was denied, and the appeal was dismissed. (*Id.*)

2. Federal Court Proceedings

Stewart filed a Petition for a Writ of Habeas Corpus on July 23, 2001 (ECF No. 1). In his Report and Recommendation ("R&R"), Magistrate Judge James S. Gallas recommended that the court deny Respondent's Motion to Dismiss Stewart's Petition based on his conclusion that the Petition was not time-barred under 28 U.S.C. § 2244(d)(1)(A). (R&R at 6-9, ECF No. 22.) Respondent filed an Objection to the R&R, arguing that the applicable statute of limitations was contained in 28 U.S.C. § 2244(d)(2) - not 28 U.S.C. § 2244(d)(1)(A) - and Stewart's Petition was thus untimely. (ECF Nos. 23, 24.) On August 8, 2002, Judge John Manos denied Stewart's Petition as untimely based on his conclusion that U.S.C. § 2244(d)(2) was controlling. (Mem. of Opinion at 4-5, ECF No. 28.) Stewart appealed Judge Manos's Order (ECF No. 30).

---

[1] These proceedings are set forth in detail in Magistrate Judge Hemann's R&R at 6-12 and are incorporated by reference herein.

- 2 -

The case was held in abeyance pending the *en banc* decision in *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003), which addressed a similar issue. *Stewart v. Russell*, 85 F. App'x 520 (6th Cir. 2004). On February 17, 2004, the Sixth Circuit vacated Judge Manos's Order based on its decision in *Abela* and remanded the case for further consideration in light of *Abela. Id.* Judge Manos reopened the case on October 28, 2004 and vacated his Order dated August 8, 2002. (ECF No. 39.) On July 17, 2006, Stewart*,* represented by counsel, filed an Amended Petition. (ECF No. 73.) Following the death of Judge Manos, the case was re-assigned to this court on July 11, 2006.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his Amended Petition, Stewart argues he is entitled to relief based on the following four grounds:

> **GROUND ONE:** Petitioner Stewart was denied his due process rights guaranteed by the Fourteenth Amendment of the United States Constitution by the admission at trial of unreliable eyewitness identification testimony.
>
> **Supporting Facts:** All of the victim-witnesses briefly looked at the shooter while under stressful conditions. The in-court identifications were twelve (12) months after the incident, before which no prior descriptions were produced.
>
> **GROUND TWO:** Petitioner Stewart was denied the effective assistance of appellate counsel as guaranteed by the Fourteenth Amendment of the United States Constitution.
>
> **Supporting Facts:** Appellate counsel failed to challenge the constitutionality of an "obvious error" that could have affected the outcome of Petitioner's direct appeal. That omission resulted in a deficient performance which prejudiced Petitioner.
>
> **GROUND THREE:** The prosecution violated Petitioner Stewart's Fourteenth Amendment right to due process by withholding exculpatory evidence that would have discredited eyewitness identification testimony.
>
> **Supporting Facts**: The prosecution withheld police reports that contained eye witness statements contrary to the witness' trial testimony. Prosecution eyewitnesses [K]evin Bell, Jewetta Bell, and Natasha Jameison gave identifying accounts and statements to police after the offense and closer in time to the event than the trial.

> These statements by the witnesses contradict the testimony given by each at trial regarding the identification of the principal shooter.
>
> **GROUND FOUR:** The prosecution violated Petitioner Stewart's Fourteenth Amendment right to due process by knowingly using perjured testimony to secure Petitioner Stewart's conviction.
>
> **Supporting Facts**: The withheld report contains a circumstantial chain of contradictions that indicates the prosecution knowingly allowed a police officer to testify falsely that he observed eyewitnesses identify petitioner from a photo array as the shooter when in fact he had not.

### III. THE MAGISTRATE JUDGE'S R&R

After Magistrate Judge Gallas recused himself, the case was reassigned to Magistrate Judge Patricia A. Hemann on January 19, 2007. (ECF No. 79.) Magistrate Judge Hemann (the "Magistrate Judge") issued her R&R on February 1, 2007, wherein she set forth the four-step analytical framework a court must apply to determine whether a petitioner has procedurally defaulted and, if so, whether the procedural default may be excused:

> **First**, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . **Second**, the court must decide whether the state courts actually enforced the state procedural sanction. . . . **Third**, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [**Fourth**, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate ... that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

(R&R at 15) (citing *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986)). For the reasons summarized below, the Magistrate Judge concluded that all of Stewart's grounds for relief were procedurally defaulted.

### A. First Ground for Relief

- 4 -

In Stewart's first ground for relief, he argues that the admission at trial of unreliable eyewitness testimony denied him of his right to due process. As the Magistrate Judge correctly noted, this claim was first raised in the state appellate court on direct appeal. (R&R at 16.) The state appellate court denied Stewart relief, and Stewart failed to perfect his appeal of that decision to the Ohio Supreme Court. Stewart later filed a Motion for Leave to File a Delayed Appeal, pursuant to Ohio Supreme Court Practice Rule II, Section 2(A)(4), and the Ohio Supreme Court denied the Motion. The Magistrate Judge concluded that Stewart procedurally defaulted his first ground for relief because:

> The requirement in Ohio S. Ct. Prac. R. II, Section 2(A) that appellants file a notice of appeal in the Ohio Supreme Court within 45 days of the entry of judgment is an adequate and independent state ground on which Ohio may rely to foreclose habeas relief. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 431-32 n.3 (6th Cir. 2007). A motion for leave to file a delayed appeal is a procedural motion that does not raise an appellant's claims in the Ohio Supreme Court, and a judgment denying that motion is a purely procedural judgment, not a judgment on the merits. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). Thus, appellants who fail to perfect an appeal within 45 days of entry of judgment in the state appellate court, move for a delay appeal in the Ohio Supreme Court, and are denied relief have procedurally defaulted their claims. *Bonilla,* 370 F.3d at 496-97.

(*Id.*) The Magistrate Judge rejected Stewart's argument that Ohio Supreme Court Practice Rule II, Section 2(A)(4) was not an adequate and independent ground upon which Ohio may rely to foreclose habeas review because, like Ohio App. R. 5(A), the Rule gives the Ohio Supreme Court unbounded discretion to determine what constitutes adequate reasons for the appellant's delay in filing his appeal:

> *Bonilla* necessarily implies, however, that Ohio S. Ct. R. II, Section 2(A)(4) *is* an adequate and independent ground to foreclose review. The burden is on Stewart to show that this was not true in 2000 when the Ohio Supreme Court denied his Motion for Leave to Appeal. While an analogy to Ohio App. R. 5(A) has some force, Stewart must show that a change in Ohio S. Ct. Rule II, Section 2(A)(4) or show that a change in how the Ohio Supreme Court applies the rule explains why the rule was

- 5 -

not an adequate and independent ground in 2000, *contra* the Sixth Circuit's ruling in 2004.  Stewart makes no such showing.

(R&R at 17.)

### B. Second Ground for Relief

In Stewart's second ground for relief, he argues that he was denied the effective assistance of appellate counsel.  As the Magistrate Judge correctly noted, Stewart first raised this claim in an untimely application to reopen his direct appeal pursuant to Ohio App. R. 26(b).  (R&R at 17.)  The state appellate court denied his application as untimely.  (*Id.*)  Stewart timely perfected an appeal of the appellate court's decision to the Ohio Supreme Court, which denied his appeal as not involving any constitutional question.  (*Id.*)  Stewart asserts that his timely appeal to the Ohio Supreme Court fairly presented his second ground for relief to the court.  The Magistrate Judge rejected this argument, finding that, "the Ohio Supreme Court's dismissal of an appeal as not involving any substantial constitutional question is a formulary dismissal and not an indication that the court reviewed the merits of the question presented."  (R&R at 18, citing *Ylst v. Nunnemaker,* 501 U.S. 797, 801 (1991)).  Specifically, the Magistrate Judge highlighted the Supreme Court's recognition in *Ylst*, 501 U.S. at 801, that:

> Many formulary orders are not meant to convey *anything* as to the reason for the decision.  Attributing a reason is therefore both difficult and artificial.  We think that the attribution necessary for federal habeas purposes can be facilitated, and sound results more often assured, by applying the following presumption: *Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.*  If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman,* 501 U.S. at 740, we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. *Similarly where . . . the least reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits*.

- 6 -

(Emphasis added).

Applying *Ylst,* the Magistrate Judge looked through the Supreme Court's formulary dismissal of Stewart's appeal to the last reasoned opinion on the subject by the state appellate court. (R&R at 18.) That court dismissed Stewart's claim as untimely. (*Id.*) The Magistrate Judge "presume[d], therefore, that the Ohio Supreme Court dismissed Stewart's claim on procedural grounds rather than on the merits of the case." (*Id.*) Additionally, the Magistrate Judge rejected Stewart's argument that his appeal was an appeal of right because it was a capital case for which he *could* have received the death penalty, stating that the argument was: "an interesting exercise in statutory interpretation. The interpretive rule in *Ylst,* however, makes it unavailing. This court must conclude that the Ohio Supreme Court dismissed Stewart's appeal for procedural reasons." (*Id.* at n.1.) Accordingly, the Magistrate Judge recommended that the court dismiss Stewart's second ground for relief as procedurally defaulted.

### C. Stewart's Third and Fourth Grounds for Relief

Stewart argues that the prosecution violated his right to due process by withholding exculpatory evidence that would have discredited eyewitness identification testimony used by the prosecution and by knowingly using perjured testimony to secure Stewart's conviction. The Magistrate Judge concluded that Stewart defaulted these grounds for relief by failing to timely raise them in a motion for postconviction relief and by failing to raise them in the state appellate court and Ohio Supreme Court. (R&R at 19.) The Magistrate Judge noted that Stewart conceded he had procedurally defaulted these grounds, but he argued that he could show cause for this default because the trial court failed to issue findings of fact and conclusions of law when it dismissed

- 7 -

Stewart's second petition for postconviction relief. The Magistrate Judge rejected this argument, stating:

> Stewart's argument that he should be excused for failing to appeal the dismissal to the state appellate court because the trial court failed to issue findings of fact and conclusions of law misses the point. Stewart's claims were procedurally defaulted even before he filed his second petition for postconviction relief. The trial court's refusal to issue findings of fact and conclusions of law occurred *well after Stewart's procedural default* and cannot serve as cause for that default.

(R&R at 18-19) (emphasis added). Thus, the Magistrate Judge recommended that the court dismiss Stewart's third and fourth grounds for relief because they had been procedurally defaulted, and Stewart failed to demonstrate cause for his default.

## IV. PETITIONER'S OBJECTIONS

Stewart's Objections to the Magistrate Judge's Report and Recommendation merely reiterate the same arguments contained in his prior briefing (ECF Nos. 74, 78) before the Magistrate Judge.

## V. FINDINGS

The court finds that the Magistrate Judge correctly concluded that Stewart's first ground for relief was procedurally defaulted because the Ohio Supreme Court's denial of Stewart's Motion for Delayed Appeal on direct review was based on an "adequate and independent" state procedural rule, Ohio Supreme Court Practice Rule II, Section 2(A)(4)(a). The Magistrate Judge properly relied upon controlling precedent in *Smith v. Ohio Department of Rehabilitations and Corrections,* 463 F.3d 426 (6th Cir. 2006) and *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004), to find that Ohio Supreme Court Practice Rule II, Section 2(A)(4)(a) is an adequate and independent state procedural rule. Stewart's argument that this court should rely upon *Deitz v. Money,* 391 F.3d 804 (6th Cir. 2004), to find that Ohio Supreme Court Practice Rule II, Section 2(A)(4)(a) is not an adequate and independent state procedural rule would be inappropriate because *Deitz* analyzes the adequacy of

another state procedural rule, Ohio Rule Appellate Procedure 5(A). Accordingly, the court concludes that Stewart's first ground for relief is procedurally defaulted.

The court also finds that the Magistrate Judge correctly concluded that Stewart's second ground for relief was procedurally defaulted. The Magistrate Judge correctly applied *Ylst,* 501 U.S. at 801, to conclude that the Ohio Supreme Court dismissed Stewart's claim as "not involving any substantial constitutional question," rather than on the merits of the case. Moreover, Stewart's argument that his appeal was an appeal of right because it was a capital case for which he *could* have received the death penalty is devoid of case support and unsupported by the plain language of Ohio Supreme Court Rule II, Section 2(A)(1), which provides:

> (1) Appeals of right. An appeal of a case in which the death penalty has been affirmed for an offense committed prior to January 1, 1995, an appeal from the decision of a court of appeals under App.R. 26(B) in a capital case, or a case that originated in the court of appeals invokes the appellate jurisdiction of the Supreme Court and shall be designated an appeal of right. The Supreme Court will render judgment after the parties are given an opportunity to brief the case on the merits in accordance with S.Ct.Prac.R. VI.

Finally, the court finds Respondent's argument that, it is clear that the Ohio Supreme Court did not treat Stewart's appeal as an appeal of right because it did not invoke the court's jurisdiction and the court did not render a judgment on the merits of his claims" (Respondent's Response to Pet'r Reply at 21, ECF No. 76) to be well-taken. Accordingly, the court finds that Stewart's second ground for relief is procedurally defaulted.

Finally, the court finds that the Magistrate Judge correctly concluded that Stewart's third and fourth grounds for relief were procedurally defaulted. Stewart failed to show cause for the default because the trial court's refusal to issue findings of fact and conclusions of law occurred well after Stewart's procedural default and thus cannot serve as cause for that default.

- 9 -

Thus, upon careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge and further set forth herein, the court adopts as its own the Magistrate Judge's R&R.

## VI.  CONCLUSION

The court hereby dismisses Stewart's Amended Petition and enters final judgment in favor of Respondent.  The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 29, 2009